**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ANGELA D. PEREZ DOWLING,<br><br>     Plaintiff,<br><br>  v.<br><br>HUDSON COUNTY COURTS,<br><br>     Defendant. | Civil Action No. 26-2252 (JXN)(CF)<br><br><br>**OPINION** |

**NEALS**, District Judge

   Before the Court is *pro se* Plaintiff Angela Dowling Perez's ("Plaintiff") Complaint (ECF No. 1) and application to proceed *in forma pauperis* ("IFP") (ECF No. 1-3). The Court has reviewed Plaintiff's IFP Application and screened the Complaint pursuant to 28 U.S.C. § 1915. For the reasons set forth below, Plaintiff's IFP Application (ECF No. 1-3) is **DENIED** and the Complaint (ECF No. 1) is **DISMISSED**.

**I.   BACKGROUND**

   Plaintiff filed this Complaint and an IFP application on March 3, 2026. (*See* Compl., ECF No. 1; IFP Appl., ECF No. 1-3.) The Complaint is incoherent. It appears as follows:

(Compl. at 3.) As best the Court can tell, Plaintiff alleges that documents she filed in the Hudson County Courts were lost. (*See id.*) Plaintiff also applied to proceed IFP. (*See* IFP Appl.)

## II.    **LEGAL STANDARD**

Under 28 U.S.C. § 1915, a plaintiff may proceed with a civil action IFP without paying the court filing fee. The IFP statute requires that a plaintiff submit a complete financial affidavit to demonstrate financial need. 28 U.S.C. § 1915(a). *See Atl. Cnty. Cent. Mun. Ct. Inc. v. Bey*, No. 24-105, 2024 WL 1256450, at *1 (D.N.J. Mar. 22, 2024) ("The requirement that a plaintiff demonstrate financial need through submission of a complete financial affidavit is an essential part of the statute."). Under the statute, the Court must assess the financial affidavit to determine whether the plaintiff can proceed IFP. 28 U.S.C. § 1915(a).

The Court must also decide *sua sponte* whether the Complaint should be dismissed. 28 U.S.C. § 1915(e). An IFP complaint must be dismissed if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To survive *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In screening a complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that *pro se* pleadings must be

2

construed liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). "Yet there are limits to [district courts'] procedural flexibility" and "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996))

## III.    DISCUSSION

### A.    The IFP Application is Incomplete

IFP Applications require applicants to "[c]omplete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response." (*See* IFP Appl. at 1.) Plaintiff's IFP application has numerous blank answers, including for expected income; average income from all sources other than self-employment; assets; and city and state of legal residence. (*See generally id.*) "Failure to submit a completed financial affidavit renders an IFP application incomplete and this defect warrants the application's denial." *Bey*, 2024 WL 1256450, at *1 (D.N.J. Mar. 25, 2024). Because Plaintiff's IFP application is incomplete, it is **DENIED**.

### B.    The Complaint is Incoherent

Rule 8(a)(2) requires all pleadings to include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (2007) (citation omitted). The question is whether, "liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir.

2019)). "[A] pro se complaint's language will ordinarily be 'plain' if it presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

A court may "dismiss a complaint for failure to comply with Rule 8." *Ruther v. State Ky. Officers*, 556 F. App'x 91, 92 (3d Cir. 2014). "[D]ismissal is appropriate in cases where the 'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995)). "'The dismissal of a complaint on the ground that it is unintelligible is unexceptional' because it cannot satisfy the basic notice function of a pleading." *Garrett*, 938 F.3d at 93 (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)).

This Complaint does not satisfy the basic notice function of a pleading. Plaintiff's incoherent, confusing, and "disjointed factual allegations fail to provide a clear narrative of either the factual or legal basis for her claims." *Rogers v. Neuralink Corp.*, No. 26-189, 2026 WL 1067788, at *1 (D.N.J. Apr. 20, 2026). At most, the Complaint make some reference to missing documents. But this pleading fails to "provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them." *Lewis v. New Jersey*, No. 19-20490, 2020 WL 1673032, at *3 (D.N.J. Apr. 6, 2020) (cleaned up) (quoting *Johnson v. Koehler*, No. 18-807, 2019 WL 1231679, at *4 (M.D. Pa. Mar. 15, 2019)). Accordingly, the Complaint is **dismissed without prejudice**.

IV.    **CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint (ECF No. 1) and IFP Application (ECF No. 1-3) are **DISMISSED** *without prejudice*. Plaintiff shall have thirty (30) days to file a new IFP application and an amended complaint addressing the deficiencies identified herein. An appropriate Order accompanies this Opinion.

**DATED: 7/13/2026**

_____
**JULIEN XAVIER NEALS**
**United States District Judge**